UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EROGE THOMAS, | ) | CASE NO. 1:07CV1430 |
| | ) | |
| Petitioner, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | |
| STUART HUDSON, Warden, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |
| | ) | |

This matter is before the Court upon a petition for a writ of habeas corpus filed by Eroge Thomas ("Petitioner"), pursuant to 28 U.S.C. § 2254. (Dkt. # 1).

On May 24, 2007, this case was automatically referred to Magistrate Judge Kenneth S. McHargh for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636 and LR 72.1. (Dkt. # 3). The matter was transferred to Magistrate Judge Greg White on March 3, 2008. On May 22, 2008, the Magistrate Judge issued a Report and Recommendation, recommending that the Court deny the instant petition because Petitioner has failed to show that the state court's decisions were contrary to, or involved an unreasonable application of, clearly established federal law. (Dkt. # 19). Petitioner has timely filed objections to the Magistrate Judge's Report and Recommendation. (Dkt. # 20).

First, Petitioner objects to the Magistrate Judge's finding that Ground One of the instant petition is without merit. The Magistrate Judge properly determined that because a timely objection is essential to any claim brought pursuant to Batson v. Kentucky, 476

1

U.S. 79 (1986), Petitioner's Batson claim, which provides the basis for Ground Two of the instant petition, survives only if the lack of an objection during voir dire is excused by the ineffective assistance of counsel that Petitioner alleges in Ground One. In other words, because defense counsel failed to object to the State's use of peremptory challenges during voir dire, Petitioner cannot bring a Batson challenge unless he demonstrates that counsel's failure to object constitutes ineffective assistance. The Magistrate Judge, therefore, analyzed Grounds One and Two together.

Petitioner argues that in reviewing a Batson claim, "[i]t is improper for the Magistrate to search the record in the death penalty voir dire, find answers to questions about death qualification and then assert that these were sufficient reasons to exercise peremptory challenges" where the State never articulated such reasons for the challenges. (Dkt. # 20 at 2). Petitioner's argument is without merit because it misses the Magistrate Judge's purpose in examining the record of voir dire. That purpose was to determine whether Petitioner was prejudiced under Strickland v. Washington, 466 U.S. 668, 686 (1984), by counsel's failure to object. The Magistrate Judge did not inquire into the record to determine the merits of Petitioner's Batson claim, as Petitioner suggests, but to determine whether, under the Strickland analysis, a timely Batson objection would have affected the outcome of voir dire. Because he determined that Petitioner was not prejudiced by defense counsel's failure to object, the Magistrate Judge found that Petitioner had failed to demonstrate ineffective assistance of counsel. That finding precluded the Magistrate Judge from reaching the merits of the Batson claim underlying Ground Two of the petition because the requisite timely objection was lacking and was

2

not excused by ineffective assistance.  The Court finds that the Magistrate Judge's analysis of Grounds One and Two was sound and that his conclusion was well-supported.  Petitioner's objections with respect to Grounds One and Two are overruled.

Petitioner argues that the Magistrate Judge did not decide the claim presented in Ground Two of the petition.  Ground Two alleges that the state Court of Appeals denied Petitioner due process and the right to counsel by materially altering Petitioner's Batson claim on direct appeal by omitting the word "every."[1]  (Dkt. # 20 at 4).  Petitioner's objection fails.  As the Magistrate Judge noted, the Court of Appeals reviewed Petitioner's Batson challenge on the merits because of the Court's mistaken belief that defense counsel had made a timely objection to the exclusion of women from the jury.  The Court's analysis was not affected by its omission of the word "every" from Petitioner's assignment of error.  Furthermore, any examination of the merits of the Batson claim was more than was required because no timely objection was actually made by defense counsel, which waived such a claim on appeal for all except plain error.  State v. Ballew, 667 N.E.2d 369, 379 (Ohio 1996).  Upon review of the record, therefore, the Court finds that the decision of the Court of Appeals satisfied Petitioner's due process rights and did not deny him the effective assistance of counsel.  Petitioner's objection to the Magistrate's treatment of Ground Two of the petition is overruled.

---

[1] As presented by Petitioner, the second assignment of error on direct appeal read as follows: "The state's use of *every* peremptory challenge exercised on the exclusion of women from the jury violated the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution, J.E.B. v. Alabama, 511 U.S. 127 (1994) and the Ohio Constitution.  Defense Counsel's failure to object was constitutionally defective under Strickland v. Washington, 466 U.S. 668 (1984)."  (Dkt. # 10, Ex. 13 at 5)(emphasis added).

Petitioner next objects to the Magistrate Judge's findings regarding the claim presented in Ground Three, which alleges that the evidence introduced at trial was insufficient to prove prior calculation and design.  In reviewing an insufficiency of the evidence claim, the reviewing court views the evidence in the light most favorable to the prosecution.  United States v. Abboud, 438 F.3d 554, 589 (6th Cir. 2006).  "[A] jury verdict is supported by sufficient evidence if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  In sum, a defendant claiming insufficiency of the evidence bears a very heavy burden."  Id. (emphasis in original) (internal quotations and citations omitted).  The reviewing court "does not 'weigh the evidence presented, consider the credibility of witnesses, or substitute [its] judgment for that of the jury.'"  United States v. Ross, 502 F.3d 521, 529 (6th Cir. 2007) (quoting United States v. M/G Trans. Servs., Inc., 173 F.3d 584, 588-89 (6th Cir. 1999)).  The Magistrate Judge determined that there was sufficient evidence in the record from which a rational trier of fact could have found all the essential elements of the crime of aggravated murder.  Upon review of the record, the Court agrees with the Magistrate Judge's conclusion.  Petitioner's objection regarding Ground Three is overruled.

Finally, Petitioner objects to the Magistrate Judge's determination with regard to the claim presented in Ground Four, which asserts that Petitioner was denied the right to be present during all critical stages of trial when he was not included in a conference between the trial judge and counsel regarding a question from the deliberating jurors.  The Magistrate Judge, relying on State v. Campbell, 90 Ohio St.3d 320 (Ohio 2000) and Buell v. Mitchell, 274 F.3d 337 (6th Cir. 2001), found that Petitioner's constitutional

rights had not been violated by his absence during the conference. Based upon its review of the record and the applicable case law, the Court finds that the Magistrate Judge's decision is well-supported. Petitioner was not deprived of a constitutional right by his absence from the in-chambers conference because such a conference is not a critical stage of the trial for which Petitioner had a right to be present. Petitioner's objection with respect to Ground Four is, therefore, overruled.

The Court has reviewed the report and recommendation of the Magistrate Judge *de novo*, and finds that it is well-supported. Petitioner's objections are without merit. Therefore, the Report and Recommendation of Magistrate Judge White (Dkt. # 19) is hereby **ADOPTED**, and Petitioner's petition for a writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED**.

<u>**/s/ Peter C. Economus – July 23, 2008**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**